BRUMMER, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. April 7, 1899.) Action by Anna K. Brummer against the Metropolitan Elevated Railroad Company and another for injunction and damages. From a judgment for plaintiff, defendants appeal.

Reversed. S. Babcock, for appellants. W. R. Page, for respondent.

VAN BRUNT, P. J. The learned court below gave judgment in favor of the plaintiff for the sum of $3,000 fee damage, and rental damage at the rate of $250 per year. We have examined the evidence in this case with care, and cannot find any foundation whatever for the judgment. There is no evidence that the value of these premises has in any way been depreciated by the existence of the elevated road. Upon the contrary, it seems to show that it has been improved thereby. The premises in question consist of a lot 24 feet wide by 94 feet deep, upon which was erected an old five-story building 45 feet deep, with some extensions on the store floor of about 20 feet. It was divided by a hallway through the middle, and was occupied by four families on each floor above the stores. There was gas only in the hall. The water closets were in the yard, and there was one sink in the hall upon each floor, and these were the only improvements which the premises had. They had none of the conveniences and equipments which obtain in the better class of tenement houses, and were of a character which would naturally deteriorate, coming into competition, as they necessarily did, with modern tenement houses which are so much better equipped. There is no evidence of any loss of rental or depreciation in value since the introduction of the elevated road upon First avenue. On the contrary, there seems to be an increase both of value and of rental admitted. The testimony of the plaintiff's expert was contradictory, unsatisfactory, and not such as the court could possibly base any judgment upon. Considering the whole of the evidence, the history of the property, the nature of the improvements, and the facts in regard to occupation, it is impossible to find any satisfactory basis for the large judgment given in this action. It is not necessary to go into detail, nor to characterize the evidence with particularity, because we might be led into expressions of opinion which might be held controlling upon the court below on a new trial, when perhaps a different state of facts may be established. We are of opinion, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.